

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-4380
Re: Sheriffs; Commissioners' Court's
authority to establish short
wave sending and receiving
radio station. And related
question.

We have received your request for our opinion on the above stated question. We quote from your Letter:

"Can Taylor County, or the Sheriff of Taylor County, in conjunction with the City of Abilene, establish a short wave sending and receiving radio station, the expense to be shared by the County. Or if the City would establish such station, would the County be allowed to pay for the privilege. of using the station by the Sheriff's Department of the County by the payment of a monthly stipend, to be agreed upon between the City and the County."

Taylor County, according to the 1940 Federal Census, has a population of 44,147 inhabitants; therefore, the sheriff is compensated on a salary basis.

Section (b) of Article 3899, Vernon's Annotated Civil Statutes, reads in part as follows:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

8f2

all reasonable expenses necessary in the proper add legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise the County Treasurer, only as to whether funds are available for payment of such expenses. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor purchase equipment for a bureau of criminal identification, such as cameras, finger print cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State, or the United States Department of Justice and/or Bureau of Criminal Identification.

". . ."

The sheriff, by virtue of the above quoted statute, is empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office; however, this article does not authorize the Commissioners' Court to expend county funds in the establishment of a radio station.

We have been unable to find any authority for a County Commissioners' Court, or the sheriff of a county, to expend county funds for the establishment or construction of a short wave sending and receiving radio station.

It is our opinion therefore that Taylor County, or the sheriff of said county, in conjunction with the city

Honorable L. R. Thompson, Page 3

of Abilene, may not establish a short wave sending and receiving radio station, the expense to be shared by the county and the city of Abilene.

It is our further opinion that the above quoted statute is broad enough to authorize Taylor County to pay the city of Abilene a reasonable amount monthly for radio service to be furnished to the sheriff of said county, provided the procedure prescribed in said article above quoted is followed and approved by the Commissioners' Court. A similar question was considered in our opinion No. O-3571, a copy of which is enclosed herewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 14, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

D. Burle Daviss
Assistant

DBD:GO

ENCLOSURE

